UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF LEONARD MARION KOWALSKI,
by GUY KOWALSKI and MELODY BISHOP, as
Co-Personal Representatives of the
Estate of Leonard Marion Kowalski,

                       No. 07-11014

        Plaintiff,                  District Judge Nancy G. Edmunds

v.                                      Magistrate Judge R. Steven Whalen

IRON WORKERS LOCAL NO. 25
PENSION FUND,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to § 502(a)1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), challenging a denial of benefits under an ERISA-protected pension plan. Before the Court are Plaintiff's Motion for Judgment on the Administrative Record [Docket #11] and Defendant's Motion to Affirm the Administrative Record [Docket #10], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Plaintiff's motion [Docket #11] be DENIED and that Defendant's motion [Docket #10] be GRANTED.

### I.   FACTS

With the exception of the date Leonard Kowalski died, the historical facts of this case are not in dispute. Mr. Kowalski, who retired in 1993, received a monthly benefit from

-1-

Defendant Iron Workers Local 25 Pension Fund ("the Fund").  On November 12, 1999, Mr. Kowalski, a pilot, took off solo from Iron County, Michigan, en route to Oakland County. His plane went missing, and although a search was conducted, neither he nor his airplane was found (AR 15).[1]

In October of 2000, the family of Leonard Kowalski petitioned the Iron County, Michigan Probate Court to "establish that an accident or disaster occurred in which the presumed deceased was killed, or may be presumed to have died." (AR 26).  However, in an Opinion and Order dated October 30, 2000, the court denied the petition, finding that there was "no direct evidence of an accident or disaster occurring."  Stating that "[t]he court cannot find by clear and convincing evidence of an accident, disaster or death," the court held that the petition could not be granted until the expiration of five years, pursuant to M.C.L. § 700.1208:

> "The presumption of death does not arise until the expiration of seven years, which is now five years.  For until that period has expired, the presumption is that one last heard from alive, remains alive. *Beckwith v Bates*, 228 Mich. 400 (1924) at 403."

(AR 17-18).

Mr. Kowalski's family re-petitioned the Probate Court after five years, and on February 9, 2005, the court granted the petition, finding that (1) Leonard Kowalski "has been missing since November 12, 1999, and is presumed deceased pursuant to MCLA 700.1208(2)"; (2) the date of death is February 9, 2005; and (3) "the time of death is not

---

[1] "AR" refers to the Administrative Record.

possible to ascertain." (AR 13-14).

On February 24, 2005, a death certificate was filed for Mr. Kowalski, designating the date of death as February 9, 2005, the same date the Probate Court filed its Order Establishing Death. The death certificate (AR 12) also states that the manner of death was an accident, specifically that is was "presumed [that the] plane crashed into Lake Michigan," and that the date of the injury was unknown.

Subsequently, an estate was opened in the Iron County Probate Court, with Guy Kowalski and Melody Bishop being appointed personal representatives. The estate made a claim on the Fund for benefits that had been withheld since January, 2000 (AR 34-35). The Fund denied the claim on September 21, 2005 (AR 38), and the Board of Trustees denied an appeal on March 9, 2006 (AR 1-3).

## II. STANDARD OF REVIEW

Under ERISA, when a plan administrator, such as Defendant in this case, has the discretionary authority to determine eligibility for benefits, federal courts review a decision to deny benefits under "the highly deferential arbitrary and capricious standard of review." *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 168-69 (6th Cir. 2003), quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th cir. 1996); *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 109, 109 S.Ct. 948, 953-54, 103 L.Ed.2d 80 (1989). "[T]he arbitrary and capricious standard is the least demanding form of judicial review of administrative action. When applying the arbitrary and capricious standard, the Court must decide whether the plan administrator's decision was rational in light of the plan's

provisions. Stated differently, when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Williams v. International Paper Co.*, 227 F.3d 706, 712 (6th Cir. 2000)(internal citations and quotations omitted).[2]

### III. ANALYSIS

The Plaintiff argues that the denial of benefits was arbitrary and capricious because the Fund did not consider the Probate Court order listing the date of death as February 9, 2005, or the subsequently-issued death certificate reflecting that same date.

In his October 30, 2000 order denying the petition to establish death, the probate judge found that there was no "direct evidence of an accident or disaster occurring," but also stated that "the circumstantial evidence seems to be directed to establish that he has disappeared so there must be an accident." (AR 17). Because there was no direct proof of the accident, the court felt constrained "to follow MCLA 700.1208(2), which requires the passage of five (5) years." *Id.* That statute provides as follows:

> "(2) An individual whose death is not otherwise established under this section or section 1207, who is absent for a continuous period of 5 years during which he or she has not been heard from, and whose absence is not satisfactorily explained after diligent search or inquiry is presumed to be dead. *The individual's death is presumed to have occurred at the end of the period unless there is sufficient evidence to determine that death occurred earlier.*" (Emphasis added).

---

[2] Plaintiff argues that this Court should apply the "suggested standards" set forth in Judge Gilman's concurring opinion in *Wilkins v. Baptist Healthcare Systems, Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). However, *Wilkins* was based on a *de novo* standard of review, and is thus inapplicable to the present case.

Thus, the statute creates a rebuttable presumption as to the time of death.

In his original order, the probate judge declined to establish either the fact or the time of death in October, 2000 for purposes of opening a probate estate. Five years later, the judge invoked the statutory presumption of death on February 9, 2005, permitting the opening of an estate. There was no adversary proceeding to determine whether the death in fact occurred earlier, and Defendant Fund was not a party to the probate proceedings. Therefore, neither this Court nor the Fund is bound by the Iron County Probate Court's order. *See Old Kent Bank & Trust Co. v. United States*, 362 F.2d 444, 450 (6th Cir. 1966); *McKee v. Sullivan*, 903 F.2d 1436, 1439 (11th Cir. 1990).

Nor is the date of death contained in the death certificate conclusive proof that Mr. Kowalski actually died on that date. Rather, the facts contained in a death certificate are merely *prima facie* evidence that may be rebutted by contrary evidence. M.C.L §333.2886; *Greek v. Bassett*, 112 Mich.App. 556, 564, 316 N.W.2d 489 (1982); *Harrington v. Interstate Business Men's Accident Assoc.*, 232 Mich. 101, 109, 205 N.W. 116 (1925). Moreover, the death certificate states that the manner of death was an accident in which it was presumed that Mr. Kowalski's plane crashed in Lake Michigan, but that the date of the injury was unknown. If the plane crashed into the Lake, it is unlikely in the extreme that Mr. Kowalski survived. Hence, the date of the injury (designated as "unknown") is the same as the date of death. It is safe to say that the plane did not take off in 1999 and crash into Lake Michigan on February 9, 2005; the "date of death" listed on the death certificate is clearly a legal fiction, not a true indication of when Mr. Kowalski died.

Given the rebuttable statutory presumption and the non-conclusive nature of the death certificate, the question is whether the Fund had rational grounds to find that Mr. Kowalski's death occurred not on February 9, 2005, but on or about November 12, 1999, when his plane disappeared.

In *Tobin v. United States Railroad Retirement Board*, 286 F.2d 480, 482 (6th Cir. 1961), the Sixth Circuit noted as follows regarding Ohio's presumption of death statute, which, like Michigan's, creates a rebuttable presumption:

> " 'But that presumption is not conclusive, nor is it to be rigidly observed without regard to accompanying circumstances which may show that death in fact occurred within the seven years. If it appears in evidence that the absent person, within the seven years, encountered some specific peril, or within that period came within the range of some impending or immediate danger, which might reasonably be expected to destroy life, the court or jury may infer that life ceased before the expiration of the seven years.'" (quoting *Davie v. Briggs*, 97 U.S. 628, 633, 24 L.Ed. 1086 (1878)).

In the present case, there is clear evidence that well before February 9, 2005, Mr. Kowalski encountered a specific peril that might reasonably be expected to have caused his death. His plane took off on November 12, 1999, and was never heard from again. It did not land in Oakland County, his intended destination. As the probate judge noted, this is circumstantial evidence of a fatal accident. Moreover, Mr. Kowalski's family–the personal representatives of the estate, and presumably rational people–believed that he was dead, since they sought permission to open an estate in early 2000.

Under the "arbitrary and capricious" standard of review, the Fund need only "articulat[e] a rational connection between the facts found and the choice made." *Smart v.*

*State Farm Ins. Co.,* 868 F.2d 929, 936 (7th Cir.1989). It did so when it denied the benefits claimed by Mr. Kowalski's estate. Furthermore, contrary to the Plaintiff's argument, the final denial (AR 1-3) clearly considered and took into account the 2005 Probate Court opinion, and articulated a rational and legally correct reason for rejecting it.

Finally, Plaintiff is correct that where a plan administrator is responsible for both determining eligibility and paying benefits, there is a conflict of interest that must factor into the determination of whether the denial of benefits was arbitrary and capricious. *Glenn v. MetLife and Long Term Disability Plan for Associates of Sears, Roebuck and Company*, 461 F.3d 660 (6th Cir. 2006). In this case, the Fund had that conflict. However, while that is a factor, it is not by itself dispositive of the question. Here, the circumstantial evidence that Mr. Kowalski died in 1999 in a plane crash is strong. Notwithstanding the Fund's conflict of interest, its decision to deny the payment of benefits through February 9, 2005 was not arbitrary and capricious, and should not be disturbed by this Court.

### IV. CONCLUSION

I therefore recommend that Defendant's Motion to Affirm [Docket #10] be GRANTED and that Plaintiff's Motion for Judgment on the Administrative Record [Docket #11] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v.*

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: January 8, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 8, 2008.

S/G. Wilson
Judicial Assistant